Spear, J.
The record presents the question whether or not bonds coming in this state into the possession of a resident executor who derives his authority under the will by appointment of the probate court of the county of his residence, are taxable in this state, notwithstanding that the will was executed and also probated in a foreign country, and the testator was at the time of his decease a non-resident of this state, and all beneficiaries are likewise non-residents.
It is not necessary to follow the able arguments of the learned counsel by a discussion of the principles upon which the power of taxation rests under our system of government, nor attempt to notice the many limitations which have been declared to exist upon the legislative exercise of that power. It will suffice to direct inquiry respecting the proper answer to the specific question above stated, and, as it seems to us, the tenor of that answer can not admit of serious doubt.
The mandate of section 2, article XII, of our constitution is the warrant for taxation of prop *193 erty in this state. That is: “Laws shall be passed taxing, by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise; and also all real and personal property, according to its true value in money.” Conformably with the requirement the general assembly, by sections 2730 to 2736, inclusive, of the Revised Statutes, has made provision that property, including bonds, “held by persons residing in this state whether for themselves or others,” shall be subject to taxation; that every person of full age and sound mind shall list the personal property of which he is owner, and moneys invested, loaned or otherwise controlled by him on account of any person or persons; that the property of every estate of a deceased person shall be listed by the executor or administrator; that property so held shall be listed in the same township, city or village in which such person is required to list his own property; that every person required to list property shall, annually, make out and deliver to the assessor a statement of all personal property, including bonds in his possession or under his control, on the day preceding the second Monday of April of that year, either as owner or holder thereof, or as-executor or administrator. Thus property to be taxed, the person who is to list it, the place where it is to be listed, and the time when to be listed, are all distinctly and definitely provided for. It results from this that it is the duty of the holder to list where he is (1) the owner, (2) where he holds for others, .and (3) where he holds as executor.
Taking these several provisions together can there be any doubt that the legislative intent is to include bonds held by an executor? We think *194 not. Not only are they held, speaking in general terms, “for others,” that is, in. the interest of others, but they are under the dominion, the control, of the executor, subject only to the orders of the probate court. The general rule is, that where such property is held here in the possession and under the control of the one so having the possession, it is taxable here, although where held here subject to the control of a non-resident owner it may not be. It is conceded that in general the situs of a debt is at the residence of the creditor, although this rule is subject to exceptions (Hubbard, Treasurer, v. Brush, 61 Ohio St., 252). But in the present case the legal title is in the executor; and in this sense he is the owner. And, if this view be correct, then the estate was annexed to his person and thereby had an actual situs in this state. It may be that these provisions were not necessary to fix the liability to so list on the executor, because of the specific provision applying in terms to executors, but they serve to show the scope and intent of the statute, and leave its real meaning relieved of rational doubt.
It is insisted that these, bonds are liable to taxation in Germany, and that to tax them here would result in double taxation. The proposition is not tenable. The power of taxation conferred by our constitution can not be made to depend upon the operation of laws of a foreign jurisdiction.
It is further urged that these bonds should not be taxed in Ohio because the property right in them passed to the testator’s heirs instantly at his death, and that, as they reside outside the state, their property is not subject to our tax *195 laws. No fact in support of the assumption that the property in the bonds passed at once to any beneficiary or beneficiaries under the will appears by the petition. It is not shown or claimed that these specific bonds were bequeathed to anybody. Hence the title vested in the executor and the question attempted to be made by this proposition is not fairly in the case.
We have not overlooked the cases of Grant v. Jones, 39 Ohio St., 506, or McNeill, Assignee, v. Hagerty, Auditor, 51 Ohio St., 255. Neither case-controls, or materially affects, the case" at bar.
As conclusion, we are of opinion that, notwithstanding the fact that the will was executed in a foreign country, and that at his decease the testator' was a resident of that country, and that the beneficiaries under the will are all non-residents of the state, the bonds were properly taxable in Hamilton county, and it was the duty of the executor to return them for taxation because the statute, in plain terms, so directs.

Judgment affirmed.

Shauck, C. J., Price, Crew, Summers and Davis, JJ., concur.